

**EXHIBIT A**

# CD&H COBB DILL & HAMMETT, LLC

| 222 WEST COLEMAN BLVD. | 3422 RIVERS AVE. | 227B SOUTH CEDAR ST. |
|---|---|---|
| MT. PLEASANT, SC 29464 | NORTH CHARLESTON, SC 29405 | SUMMERVILLE, SC 29483 |
| (P) 843-936-6680 | (P) 854-444-2018 | (P) 843-285-5741 |

April 22, 2022

**SERVED VIA HAND DELIVERY**
Easton & Porter Group LLC
123 E. Main Street, Fifth Floor
Charlottesville, VA 22902

Re: *Christopher P. Lawrence and Christopher Raybon v. Cannon Green Charleston, LLC, d/b/a Wild Common Restaurant, Easton & Porter Group LLC, and Andrews Hospitality Management, LLC, d/b/a Zero George Restaurant*
Case No.: 2022-CP-10-01713

To Whom It May Concern:

Enclosed for service upon Easton & Porter Group LLC, please find the Summons and Complaint that has been filed against Easton & Porter Group LLC in the above-referenced matter.

Please forward immediately to your attorney or your insurance provider.

Sincerely,

Victoria L. Hurse, Esq.
222 West Coleman Blvd.
Mt. Pleasant, SC 29464
854-444-2018 (Office)
854-444-2014 (Fax)
vhurse@cdhlawfirm.com (Email)

ELECTRONICALLY FILED - 2022 Apr 13 4:25 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1001713

| | |
|---|---|
| STATE OF SOUTH CAROLINA )<br>COUNTY OF CHARLESTON )<br>)<br>CHRISTOPHER P. LAWRENCE and )<br>CHRISTOPHER RAYBON, )<br>)<br>　　　　　Plaintiffs, )<br>v. )<br>)<br>CANNON GREEN CHARLESTON, )<br>LLC, d/b/a WILD COMMON )<br>RESTAURANT, EASTON & PORTER )<br>GROUP LLC, and ANDREWS )<br>HOSPITALITY MANAGEMENT, LLC, )<br>d/b/a ZERO GEORGE RESTAURANT, )<br>)<br>　　　　　Defendants. ) | IN THE COURT OF COMMON PLEAS<br>FOR THE NINTH JUDICIAL CIRCUIT<br>CASE NO 2022-CP-10-<br><br><br><br><br><br>**SUMMONS**<br>(Jury Trial Demanded) |

**YOU ARE HEREBY SUMMONED** and required to Answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer to said Complaint upon the Plaintiff or their attorneys, Ryan C. Andrews and Victoria L. Hurse, at their office, 222 W. Coleman Boulevard, Mt. Pleasant, South Carolina 29464, within (30) days after the service hereof, exclusive of the day of such service and if you fail to Answer the Complaint within the time aforesaid, Plaintiff will apply to the court for the relief demanded in the Complaint.

Dated at Mt. Pleasant, South Carolina on the 13th day of April, 2022.

              **COBB DILL & HAMMETT, LLC**

              BY s/ Victoria L. Hurse
                  Victoria L. Hurse, S.C. Bar No.: 104166
                  Ryan C. Andrews, S.C. Bar No.: 101104
                  Cobb Dill & Hammett, LLC
                  222 W. Coleman Blvd.
                  Mt. Pleasant, SC 29464
                  (854) 444-2018 (office)
                  (854) 444-2014 (facsimile)
                  randrews@cdhlawfirm.com
                  vhurse@cdhlawfirm.com
              **ATTORNEYS FOR THE PLAINTIFFS**

ELECTRONICALLY FILED - 2022 Apr 13 4:25 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1001713

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF CHARLESTON ) | FOR THE NINTH JUDICIAL CIRCUIT |
| ) | CASE NO 2022-CP-10- |
| CHRISTOPHER P. LAWRENCE and ) | |
| CHRISTOPHER RAYBON, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | **COMPLAINT** |
| ) | (Jury Trial Demanded) |
| CANNON GREEN CHARLESTON, ) | |
| LLC, d/b/a WILD COMMON ) | |
| RESTAURANT, EASTON & PORTER ) | |
| GROUP LLC, and ANDREWS ) | |
| HOSPITALITY MANAGEMENT, LLC, ) | |
| d/b/a ZERO GEORGE RESTAURANT, ) | |
| ) | |
| Defendants. ) | |

The Plaintiffs, complaining of the Defendants, alleges and says as follows:

1. That the Plaintiff, Christopher P. Lawrence ("Plaintiff Lawrence"), is a citizen and resident of Nashville, Tennessee and at all times pertinent to this action was a citizen and resident of Charleston, South Carolina.

2. That the Plaintiff, Christopher Raybon ("Plaintiff Raybon"), is a citizen and resident of Charleston County, South Carolina.

3. That upon information and belief, Defendant Cannon Green Charleston, LLC d/b/a Wild Common Restaurant ("Defendant Wild Common") is a South Carolina limited liability company organized and existing in the State of South Carolina and can be served with service of process at 80A Cannon Street, Charleston, South Carolina 29403.

4. That upon information and belief, Defendant Andrews Hospitality Management, LLC d/b/a Zero George Restaurant ("Defendant Zero George") is a limited liability company organized and existing in the Commonwealth of Virginia and operating in the State of

ELECTRONICALLY FILED - 2022 Apr 13 4:25 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1001713

South Carolina as a registered foreign entity. Defendant Zero George can be served with service of process at 41 Broad Street, Charleston, South Carolina 29401.

5. That upon information and belief, Easton & Porter Group LLC ("Defendant Easton Porter") is a Virginia limited liability company organized and existing in the Commonwealth of Virginia and can be served with service of process at 123 E. Main Street, Fifth Floor, Charlottesville, Virginia 22902.

6. That the events giving rise to this action occurred in Charleston County, South Carolina.

7. That the Court has jurisdiction over the parties and the subject matter of this action.

8. That prior to May 7, 2021, Plaintiff Lawrence and Plaintiff Raybon (collectively "Plaintiffs") assisted a coworker, Jody Bishop, in the drafting of a harassment complaint for sustained harassment experienced by Mr. Bishop while working at Defendant Wild Common.

9. That on or about May 7, 2021, Jody Bishop filed such complaint via email with Defendant Wild Common.

10. That within the dated May 7, 2021, complaint, Jody Bishop alleged that the sous chef, "Zach", made "daily quips" about the personality, size, and voice of Mr. Bishop.

11. That within the dated May 7, 2021, complaint, Jody Bishop alleged that the sous chef, "Zach", conducted himself like a "schoolyard bully," and that the executive chef, "Orlando", was complacent and took part in the alleged misconduct.

12. That within the dated May 7, 2021, complaint, Jody Bishop attested that the constant degradation he experienced while working at Wild Common was taking a severe toll on his self-esteem and overall quality of life.

13. That in an attempt to help Jody Bishop bring this harassment to light and have it stopped, Plaintiff Lawrence and Plaintiff Raybon assisted Mr. Bishop in the drafting of a formal complaint to Human Resources.

14. Upon information and belief, staff and management were aware that the Plaintiffs assisted Mr. Bishop in in drafting his complaint to Human Resources.

15. That beginning in or around the months of May or June, 2021, Plaintiffs began experiencing adverse treatment in the workplace in retaliation to their assistance of Mr. Bishop in drafting his complaint letter.

16. That this retaliatory adverse treatment created a hostile workplace towards Plaintiffs.

17. That the retaliatory adverse treatment being experienced by Plaintiffs continued throughout the summer of 2021 into late July.

18. That on or about Friday, July 30, 2021, a meeting was called by Defendant Easton Porter at which eight (8) individuals were present. These individuals included the front of house staff, executive chef "Orlando," sous chef "Zach," owner Dean Porter Andrews, and Director of Operations Jacob Wright.

19. That at the meeting of Friday, July 30, 2021, a new equitable sharing pay structure, which Defendant Easton Porter desired to implement in their restaurants, was presented to those in attendance.

20. That Defendant Easton Porter's basis for the implementation of the new equitable sharing pay structure was to generate revenue through service charges, which was to be distributed in wages to the back of the house staff.

21. That the proposed equitable sharing pay structure operated in a manner that mirrored the practice of illegal "tip pooling," a practice that is violative of 29 CFR § 531.54.

ELECTRONICALLY FILED - 2022 Apr 13 4:25 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1001713

ELECTRONICALLY FILED - 2022 Apr 13 4:25 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1001713

22. That pursuant to the new equitable sharing pay structure, mandatory service charges would be applied to all bills at Defendant Easton Porter's restaurants.

23. That pursuant to the Code of Federal Regulations, more specifically 29 CFR § 531.55, service charges are to be categorized as "wages" as opposed to voluntary gratuity given to front of house staff for the quality of their service to patrons.

24. That pursuant to federal law, employers are allowed to distribute wages as they please to satisfy the Fair Labor Standards Act ("FLSA").

25. That the new equitable sharing pay structure effectively acted as a loophole to circumvent the provisions of 29 CFR § 531.54, which outlaws the distribution of voluntary gratuity earned by the front of house staff to managers, supervisors, and back of house staff.

26. That in implementing the new equitable sharing pay structure, front of house staff, such as Plaintiffs, would suffer severe reductions in their workplace compensation, and a devaluing of their position.

27. That in the July 30, 2021, meeting, front of house staff, including Plaintiffs, voiced their concerns regarding the allocation of pay under the new equitable sharing pay structure.

28. That in response to front of house staff voicing their concerns with the new equitable sharing pay structure, the meeting became tense and back of house staff began yelling at Plaintiffs.

29. That on or about July 31, 2021, Defendant Easton Porter called another meeting to follow up the prior day's meeting.

30. That at the July 31, 2021, meeting, front of house staff, including Plaintiffs, again voiced their concerns regarding the new equitable sharing pay structure and how it effectively reduced the compensation of front of house staff.

31. That at or around thirty (30) minutes after the July 31, 2021, meeting concluded, Plaintiff Lawrence clocked out from work and was pulled to the side by upper management. At that time, Plaintiff Lawrence was notified that he was being terminated by Defendant Wild Common and Defendant Easton Porter Group.

32. That Plaintiff Lawrence was informed that he was being terminated because his presence on the team was causing "hostilities" between the back of the house and the front of the house staff.

33. That multiple staff members from Defendant Wild Common have attested to the fact that Plaintiff Lawrence was an essential and positive member of the restaurant team and was in no way the causation of any hostilities at Defendant Wild Common.

34. That on or about August 1, 2021, the following day, Plaintiff Raybon was contacted via group text message by operations manager Simon Stilwell.

35. That included in the August 1, 2021, group text message was the Operations Manager, Simon Stilwell, the Human Resources Manager, Kristen Gray, the District Manager, Jacob Wright, and Plaintiff Raybon.

36. That in the aforementioned group text message chain, Simon Stilwell instructed Plaintiff Raybon to report to the Human Resources office on Tuesday or Wednesday of the following week.

37. That in response to the instruction, Plaintiff Raybon inquired as to why he was being asked to report to the Human Resources office for an in-person meeting.

38. That in the group text message chain, no one would respond to Plaintiff Raybon's repeated inquiries regarding his attendance at an in-person meeting at the Human Resources office.

ELECTRONICALLY FILED - 2022 Apr 13 4:25 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1001713

39. That on August 1, 2021, after being repeatedly asked why Plaintiff Raybon was being instructed to report to the Human Resources office for an in-person meeting the next week, Simon Stilwell and the others within the group text message called Plaintiff Raybon via telephone.

40. That during the telephone call, Plaintiff Raybon was notified that he was being terminated by Defendant Wild Common, Defendant Zero George, and Defendant Easton Porter effective immediately.

41. That Simon Stilwell informed Plaintiff Raybon that he was being terminated for being "unprofessional and insubordinate."

42. That both the termination of Plaintiff Lawrence and Plaintiff Raybon occurred within seventy-two (72) hours of the initial meeting of July 30, 2021, at which Plaintiff Lawrence and Plaintiff Raybon voiced their concerns over the newly proposed equitable sharing pay structure.

43. That out of all the front of house staff workers that voiced concerns regarding the new equitable sharing pay structure at the aforementioned meetings, the only two individuals who were terminated were Plaintiff Lawrence and Plaintiff Raybon.

44. That out of all the front of house staff workers working for Defendant Wild Common and Defendant Wild George, Plaintiff Lawrence and Plaintiff Raybon were the only two individuals that were Black.

45. That all other front of house staff workers that voiced their concerns with the new equitable sharing pay structure were not of minority status.

46. That all other front of house staff workers who were not of minority status retained their employment with Defendant Wild George and Defendant Easton Porter.

ELECTRONICALLY FILED - 2022 Apr 13 4:25 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1001713

47. That all upper-level executive, management, directorial, and leadership positions are held by individuals of a non-minority, Caucasian background. The following photo array speaks for itself.



Co-Founders/Creative Director and CEO, Lynn Easton and Dean Porter Andrews



Controller, Kimberly Allenby



Sales Director, Ellen Christie



Marketing Manager, Morgan Hatfield



Finance & Operations Manager, Andrew Goffinet



Operations and Human Resources Director, Kristen Gray



Marketing Art Director, Amanda Hersch



Global Marketing Director, Jamie Hoffman



Director of Business Development, Ryder Hine



Business Manager, Eric Moody



Operations Management Support, Jacob Wright

48. That additionally, while employed at Defendant Easton Porter, Defendant Wild Common, and Defendant Zero George, Defendants failed to properly calculate overtime wages owed to Plaintiff Lawrence and Plaintiff Raybon.

49. That as part of Plaintiff Lawrence's and Plaintiff Raybon's responsibilities as employees of Defendant Easton Porter, Defendant Wild Common, and Defendant Zero George, they were to serve private chef's tables at the restaurants and parties of over six (6) guests.

50. That all revenue generated from such services was to be calculated as service charges under the restaurants' policies and the FLSA.

51. That as such, service charges, as defined under 29 CFR § 531.55, are to be calculated as wages of employees.

52. That Plaintiffs were to receive a percentage of all revenue generated from private chef's tables and parties of over six (6) guests, and the service charges were to be calculated as employee wages, the hourly rate of payment to Plaintiffs should have been drastically higher in calculations of overtime wages.

53. That Defendants failed to properly calculate "chef's tables" and parties of over six (6) guests in wage compensation for every pay period worked by Plaintiffs.

54. That as such, Defendants owe Plaintiffs significant amounts in back wages from their time of employment.

### FOR A FIRST CAUSE OF ACTION
### (Violation of the Fair Labor Standards Act)

55. Plaintiffs incorporate by reference and reallege each and every preceding paragraph of this Complaint as fully set forth therein.

ELECTRONICALLY FILED - 2022 Apr 13 4:25 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1001713

56. Plaintiffs and Defendants entered into binding employment agreements under which Plaintiffs were to work as front of house service staff with the responsibilities of serving restaurant patrons.

57. That as part of the Plaintiffs' and Defendants' binding employment agreements, Plaintiffs were to render consideration in the form of their aforementioned services and Defendants were to render consideration in the form of monetary compensation to Plaintiffs.

58. That pursuant to the FLSA, employees are to be compensated for "overtime" pay when such employees work in excess of forty (40) hours in a given work week.

59. That pursuant to the FLSA, overtime wages are to be calculated in the amount of one and one half (1.5) times the normal rate of pay for a given worker's pay period.

60. That service charges, as defined under 29 CFR § 531.55, are to be calculated as employee wages for any given pay period.

61. That in Plaintiffs' time of employment for Defendants, Plaintiffs consistently served chef's tables and parties of over six (6) guests, which had large service charges.

62. That such service charges were not factored into Plaintiffs' wages, which would have effectively increased their hourly rate of pay.

63. That in failing to factor such service charges into Plaintiffs' wages, thus increasing their hourly rate of pay, Defendants' calculations of Plaintiff's overtime rate of pay for Plaintiffs' term of employment with Defendants was drastically reduced.

64. That Plaintiffs exhausted the administrative process as required when Plaintiffs filed Complaints with the Equal Employment Opportunity Commission ("EEOC"), and the EEOC responded to Plaintiffs by providing a Right to Sue letter.

ELECTRONICALLY FILED - 2022 Apr 13 4:25 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1001713

65. That Plaintiffs suffered actual and calculable harm as a result of Defendants failure to properly calculate Plaintiffs' wages for purposes of determining overtime pay owed to Plaintiffs.

## FOR A SECOND CAUSE OF ACTION
### (Retaliation under the South Carolina Humans Affairs Law)

66. Plaintiffs incorporate by reference and reallege each and every preceding paragraph of this Complaint as fully set forth therein.

67. That pursuant to the South Carolina Human Affairs Law ("SCHAL"), it is illegal to fire, demote, harass, or otherwise *"retaliate"* against people (applicants or employees) because they filed a charge of discrimination, because they complained to their employer or other covered entity about discrimination on the job, because they seek an accommodation or because they participated in an employment discrimination proceeding (such as an investigation or lawsuit).

68. Additionally, the SCHAL forbids retaliation when it comes to any aspect of employment, including hiring, firing, pay, job assignments, promotions, layoff, training, fringe benefits, and any other term or condition of employment.

69. That after assisting Jody Bishop in drafting a complaint letter to Human Resources for workplace harassment by back of house staff in early May of 2021, Plaintiffs began experiencing adverse treatment in the workplace.

70. That in the ensuing months, leading up to the aforementioned meetings of July 30, 2021, and July 31, 2021, Plaintiffs were subject to continued adverse treatment in the workplace.

71. That immediately following the July 31, 2021, meeting, at which Plaintiffs voiced their concerns over the newly proposed equitable pay structure that would drastically reduce

ELECTRONICALLY FILED - 2022 Apr 13 4:25 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1001713

ELECTRONICALLY FILED - 2022 Apr 13 4:25 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1001713

their compensation, Plaintiff Lawrence was terminated by Defendants for voicing his opinion regarding the equitable pay structure.

72. That the next day, on August 1, 2021, Plaintiff Raybon was contacted by Simon Stilwell, Kristen Gray, and Jacob Wright over a group text message.

73. That within the text message, Plaintiff Raybon was instructed to report to Human Resources the following week, unbeknownst to Plaintiff Raybon, for the purpose of being notified of his termination by Defendants.

74. That Plaintiff Raybon inquired into the reasoning behind Defendants' instruction, and they would not respond.

75. That eventually, after further inquiry by Plaintiff, Raybon, Simon Stilwell called Plaintiff Raybon via telephone to notify him of his termination.

76. That in notifying Plaintiff Raybon of his termination, Simon Stilwell's justified his actions by stating Plaintiff Raybon was "unprofessional and insubordinate."

77. That Simon Stilwell did not truthfully inform Plaintiff Raybon of the actual reasons behind their termination, which was they were two Black individuals who spoke up against proposed company policy in Caucasian owned and operated establishments.

78. Defendants, through their actions in terminating Plaintiffs in retaliation to Plaintiffs voicing their concerns over a new pay structure which would drastically reduce their compensation, violated the SCHAL.

79. That Plaintiffs exhausted the administrative process as required when Plaintiffs filed Complaints with the South Carolina Human Affairs Commission ("SCHAC"), and the SCHAC responded by informing Plaintiffs they would yield to the authority of the EEOC and the Right to Sue letter the EEOC provided.

ELECTRONICALLY FILED - 2022 Apr 13 4:25 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1001713

## FOR A THIRD CAUSE OF ACTION
### (Discrimination under the South Carolina Human Affairs Law)

80. Plaintiffs incorporate by reference and reallege each and every preceding paragraph of this Complaint as fully set forth therein.

81. Pursuant to the SCHAL, "color discrimination involves treating someone (an applicant or an employee) unfavorably because of the color of his or her skin or color complexion."

82. Additionally, under the SCHAL, "The law forbids discrimination when it comes to any aspect of employment, including hiring, firing, pay, job assignments, promotions, layoff, training, fringe benefits, and any other term or condition of employment."

83. That at the aforementioned meetings of July 30, 2021, and July 31, 2021, every individual in attendance, with the exception of Plaintiffs, were Caucasian.

84. That all front of house staff that were present at the aforementioned meetings and voiced concerns over the newly proposed equitable pay structure, with the exception of Plaintiffs, were Caucasian.

85. That the only front of house staff workers that were present at the aforementioned meetings who were not Caucasian, and were instead Black, were Plaintiffs.

86. That out of all the front of house staff workers that were present at the aforementioned meetings and voiced their concerns over the newly proposed equitable pay structure, the only two individuals who were terminated following the meetings were Plaintiffs, both of whom were the only two Black front of house workers present at the aforementioned meetings.

87. Defendants, through their actions in discriminately terminating Plaintiffs because of the fact they were two Black men who voiced concerns over a new pay structure which would drastically reduce their compensation, violated the SCHAL.

88. That Plaintiffs exhausted the administrative process as required when Plaintiffs filed Complaints with the South Carolina Human Affairs Commission ("SCHAC"), and the SCHAC responded by informing Plaintiffs they would yield to the authority of the EEOC and the Right to Sue letter the EEOC provided.

**WHEREFORE**, the Plaintiffs pray for judgment against the Defendants in a just and equitable sum of economic, non-economic and punitive damages, for attorneys' fees, for the costs of this action, and for such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**COBB DILL & HAMMETT, LLC**

BY   s/ Victoria L. Hurse
Victoria L. Hurse, S.C. Bar No.: 104166
Ryan C. Andrews, S.C. Bar No.: 101104
Cobb Dill & Hammett, LLC
222 W. Coleman Blvd.
Mt. Pleasant, SC 29464
(854) 444-2018 (office)
(854) 444-2014 (facsimile)
randrews@cdhlawfirm.com
vhurse@cdhlawfirm.com

**ATTORNEYS FOR THE PLAINTIFFS**

Mt. Pleasant, South Carolina
April 13, 2022

ELECTRONICALLY FILED - 2022 Apr 13 4:25 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1001713

IN THE STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS
COUNTY OF CHARLESTON ) FOR THE NINTH JUDICIAL CIRCUIT

CASE NO: 2022-CP-10-01713

Christopher P. Lawrence and Christopher Raybon,

                Plaintiff(s),

v.

Cannon Green Charleston, LLC, d/b/a Wild Common Restaurant, Easton & Porter Group LLC, and Andrews Hospitality Management, LLC, d/b/a Zero George Restaurant,

                Defendant(s).

**CERTIFICATE OF SERVICE**

I certify that I have served a copy of the following document(s) on the individuals below named by hand delivery, electronic mail, or by depositing a copy in first class postage pre-paid envelope in the United States mail at Mount Pleasant, South Carolina and addressed as follows:

Easton & Porter Group LLC
123 E. Main Street, Fifth Floor
Charlottesville, VA 22902

**Documents Served**

Summons and Complaint

This 22nd day of April, 2022.

                                                    _____
                                                    Niki M. Ruff