# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Christopher P. Lawrence and Christopher Raybon, | Case No. 2:22-cv-01466 |
| Plaintiffs, | |
| v. | **ORDER AND OPINION** |
| Cannon Green Charleston LLC, d/b/a Wild Common Restaurant, Easton & Porter Group LLC, and Andrews Hospitality Management, LLC d/b/a Zero George Restaurant, | |
| Defendants. | |

This matter comes before the Court on Plaintiffs' Motion to Remand. (Dkt. No. 11). Defendants filed a response in opposition, (Dkt. No. 16), and Plaintiff replied, (Dkt. No. 17). Defendants also filed a supplemental response to Plaintiff's Motion to Remand indicating they no longer oppose remand. (Dkt. No. 23). For the reasons set forth below, the Court grants Plaintiffs' Motion to Remand.

**I.    Background**

Plaintiff initiated this employment dispute in the Charleston County Court of Common Pleas. (Dkt. No. 1-1). In their initial state court complaint, Plaintiffs alleged Defendants failed to properly calculate and pay overtime wages owed to Plaintiffs in violation of the Fair Labor Standards Act ("FLSA"). (*Id.*, ¶ 65). Plaintiffs also alleged state law causes of action for retaliation and discrimination. (*Id.*, ¶ 66-88). Defendants removed the case to this Court asserting that District Courts of the United States have original jurisdiction over civil actions arising under the FLSA. (Dkt. No. 1, ¶ 7).

1

Shortly after removal, Defendants filed a motion to dismiss for failure to state a claim. (Dkt. No. 4). Without ruling on the motion to dismiss, the Court granted Plaintiffs leave to file an amended complaint in accordance with Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure. (Dkt. No. 8). Pursuant to that order, Plaintiffs filed an amended complaint. (Dkt. No. 10). In the amended complaint, Plaintiffs dropped their FLSA claim but added state law claims for breach of contract, conversion, and fraud. (*Id.*, ¶¶ 60-67, 97-114). The breach of contract, conversion, and fraud claims are based on Defendants alleged failure to properly compensate employees. (*Id.*, ¶¶ 63, 99, 109). Defendants then filed another motion to dismiss arguing that many of Plaintiffs' state law claims are preempted by the FLSA because they were based on Defendants' alleged failure to pay overtime wages due.

In the course of the parties' briefing of these pending motions, the Court was informed that the FLSA overtime claim had been part of an investigation conducted by the Untied States Department of Labor's Wage and Hour Division, who reportedly recommended the resolution of the overtime issue with payment to Plaintiffs. (Dkt. No. 16 at 6). Defendants then reportedly tendered the check to the Plaintiffs. (Dkt. No. 17 at 2). Since the dismissal of claims related to the overtime issue may affect the disposition of the pending motions, the Court authorized Plaintiffs to file an amended complaint. (Dkt. No. 20). Plaintiff then filed a Second Amended Complaint that did not include any claims related to the overtime issue. (Dkt. No. 21). Defendants then filed a response to Plaintiff's Motion to Remand stating that the Second Amended Complaint no longer provides a basis for federal question jurisdiction and indicating that they no longer oppose remand of this case. (Dkt. No. 23).

Plaintiff's Motion to Remand is now ripe for the Court's review.

2

**II.    Discussion**

"The burden of establishing federal jurisdiction is placed upon the party seeking removal." *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921)). On a motion to remand, courts are obligated to "construe removal jurisdiction strictly because of the 'significant federalism concerns' implicated." *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (quoting *Mulcahey*, 29 F.3d at 151). "If federal jurisdiction is doubtful, a remand is necessary." *Mulcahey*, 29 F.3d at 151.

Defendants removed this case based on "federal question jurisdiction as set forth in 28 U.S.C. § 1331. (Dkt. No. 1). Section 1331 states, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. If a plaintiff's claims do not "aris[e] under the Constitution, laws, or treaties of the United States," remand is proper. *Dixon*, 369 F.3d at 816.

The parties and the Court agree that Plaintiff's Second Amended Complaint sets forth no causes of action arising under the Constitution, laws, or treaties of the United States. As such, the District Court lacks subject matter jurisdiction over this case. The Court grants Plaintiff's Motion to Remand (Dkt. No. 11) and remands the case back to the Charleston County Court of Common Pleas.

**III.    Conclusion**

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Remand (Dkt. No. 11) and **REMANDS** this action to the Charleston County Court of Common Pleas.

                                                             s/ Richard Mark Gergel
                                                            Richard Mark Gergel
                                                            United States District Judge

February 23, 2023
Charleston, South Carolina